**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD M. DAUVAL, Trustee
for the estate of Margaret Spies,

    Plaintiff,                                       Case No.: 8:11-cv-2703-MSS-MAP

v.

MRS BPO, L.L.C., a foreign corporation

    Defendant.
_____/

**AMENDED COMPLAINT**

**COMES NOW,** Plaintiff, RICHARD M. DAUVAL (hereinafter, "Plaintiff"), Trustee for the bankruptcy estate of Margaret Spies (hereinafter, "Debtor"), by and through the undersigned counsel, and sues Defendant, MRS BPO, L.L.C. (hereinafter, "Defendant"), and alleges:

**PRELIMINARY STATEMENT**

This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. (hereinafter, the "FDCPA").

**JURISDICTION, VENUE & PARTIES**

1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    At all material times herein, the conduct of the Defendant, complained of below, occurred in Sarasota County, Florida.

3. At all times herein, the Plaintiff is an individual residing in Sarasota County, Florida.

4. Defendant is a foreign limited liability corporation existing under the law of the State of New Jersey that, itself and through its subsidiaries, regularly collects debts due to another in Sarasota County, Florida.

5. Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6). Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts.

7. At all times herein, the Defendant attempts to collect a debt from Debtor, (hereinafter, "the Debt").

8. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

9. At all times herein, the Defendant was a "person" pursuant to Florida Statute §559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all times herein, the Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

11. At all times herein, the Defendant acted itself or through its agents,

employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

13. On or about May 18, 2010, at approximately 8:47 A.M. ET, Defendant called Debtor's place of employment (hereinafter, "First Call") in an attempt to collect the Debt without first obtaining a final judgment against the Debtor and without first obtaining Debtor's express consent to contact Debtor's place of employment.

14. The First Call was Defendant's initial communication with Plaintiff in connection with the collection of the Debt.

15. During the First Call to Debtor's place of employment, Defendant spoke with a colleague and co-worker of Debtor. Please see attached a true and correct copy of the message from Defendant taken by Debtor's colleague labeled Exhibit "A."

16. During the First Call, Defendant left a message at Plaintiff's place of employment, directed Debtor to return the call at a designated number, did not disclose that Defendant was a debt collector and did not state that the call was an effort to collect a debt. Defendant did not otherwise disclose the nature or purpose of the First Call.

17. During the First Call to Debtor's place of employment, Defendant was attempting to acquire the location information of Debtor. Defendant spoke with a third party and failed to state that Defendant is confirming or correcting location information concerning the consumer.

18. If, in the alternative, during the First Call to Debtor's place of employment, the Defendant was communicating in an attempt to collect the Debt, then

Defendant spoke with a third party in connection with the collection of the Debt other than the Debtor, the Debtor's attorney, a consumer reporting agency, the original creditor, the attorney of the creditor, or the Defendant's attorney.

19. Defendant failed to disclose during the First Call that the communication was from a debt collector. Defendant also failed to disclose during the First Call that it was an attempt to collect a debt and that any information obtained would be used for that purpose.

20. Defendant placed the First Call to acquire Debtor's location information.

21. Defendant placed the First Call to confirm or correct Debtor's location information.

22. Defendant placed the First Call in an attempt to collect the Debt.

23. Defendant placed the First Call in connection with the collection of the Debt.

24. Defendant's representative failed to disclose Defendant's identity or name during the First Call to Debtor's place of employment.

25. On or about May 18, 2010, Defendant used, maintained, owned or operated telephone number 1.888.274.9871.

26. On or about May 18, 2010, "Tammy Jackson" was an employee or representative working for, or was acting on behalf of, Defendant.

27. Defendant's file number or internal reference number for the Debt is '1211409'.

28. On or about August 18, 2010, at approximately 2:40 P.M. ET, Defendant called Debtor's place of employment (hereinafter, "Second Call") in an attempt to collect

the Debt without first obtaining a final judgment against the Debtor and without first obtaining Debtor's express consent to contact Debtor's place of employment.

29. During the Second Call, Defendant left a message at Plaintiff's place of employment, again directed Debtor to return the call at a designated number, did not disclose that Defendant was a debt collector and did not state that the call was an effort to collect a debt. Defendant did not disclose the nature or purpose of the Second Call.

30. During the Second Call to Debtor's place of employment, Defendant spoke with a colleague and co-worker of Debtor. Please see attached a true and correct copy of the message from Defendant taken by Debtor's colleague labeled Exhibit "B."

31. During the Second Call to Debtor's place of employment, Defendant was attempting to acquire the location information of Debtor. Defendant spoke with a third party and failed to state that Defendant is confirming or correcting location information concerning the consumer.

32. If, in the alternative, during the Second Call to Debtor's place of employment, the Defendant was communicating in an attempt to collect the Debt, then Defendant spoke with a third party in connection with the collection of the Debt rather than the Debtor, the Debtor's attorney, a consumer reporting agency, the original creditor, the attorney of the creditor, or the Defendant's attorney.

33. Defendant failed to disclose during the Second Call that the communication was from a debt collector.

34. Defendant placed the Second Call to acquire Debtor's location information.

35. Defendant placed the Second Call to confirm or correct Debtor's location

information.

36. Defendant placed the Second Call in an attempt to collect the Debt.

37. Defendant placed the Second Call in connection with the collection of the Debt.

38. Defendant's representative failed to disclose Defendant's identity or name during the First Call to Debtor's place of employment.

39. On or about August 18, 2010, Defendant used, maintained, owned or operated telephone number 1.888.274.9871.

40. On or about August 18, 2010, "Corey Freeman" was an employee or representative working for, or was acting on behalf of, Defendant

41. Defendant's file number or internal reference number for the Debt is "121409."

42. On January 31, 2011, the Debtor, through her bankruptcy counsel, filed a Chapter 7 Voluntary Bankruptcy Petition in the Middle District of Florida, Tampa Division, case number 8:11-bk-01679-MGW.

43. On or about March 4, 2011, the Debtor attended a United States Bankruptcy Court Meeting of Creditors. At this meeting, the Debtor testified under oath before the Plaintiff as to above Debt collection communications with co-workers at Debtor's place of employment.

44. The Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant and is obligated to pay his attorneys a reasonable fee for their services.

45. On June 15, 2011, on behalf of Plaintiff, Undersigned Counsel filed with

the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to be employed as special counsel to pursue the above allegations on behalf of the Debtor's bankruptcy estate.

46. On or about June 21, 2011, United States Bankruptcy Judge Michael G. Williamson signed, and the Clerk of Court entered, an Order Appointing Special Counsel. Please see the Order attached labeled Exhibit "C."

47. Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against the Defendant.

48. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

49. As of the date of the original complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

### COUNT ONE:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTE § 559.72(4)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

50. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(4) by communicating or threatening to communicate with Debtor's employer without Debtor's consent or first obtaining a final judgment against Debtor.

51. Specifically, Defendant called Debtor's place of employment on or about

May 18, 2010 in an attempt to collect the Debt and spoke to Debtor's colleague and co-worker—an employee of Debtor's employer—without first obtaining a final judgment against Debtor and without first obtaining Debtor's express consent to contact Debtor's employer.

52. Additionally, Defendant called Debtor's place of employment on or about August 18, 2010 in an attempt to collect the Debt and spoke to Debtor's colleague and co-worker—an employee of Debtor's employer—without first obtaining a final judgment against Debtor and without first obtaining Debtor's express consent to contact Debtor's employer.

53. As a direct and proximate result of the Defendant's actions, Debtor has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692b(1) and (3)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

54. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692b(1) by failing to state that it is confirming or correcting location information concerning Debtor in its communication with a person other than Debtor for the purpose of acquiring location information of Debtor.

55. Specifically, when the Defendant called Debtor's place of employment,

Defendant spoke with two colleagues or co-workers of Debtor. To the extent Defendant was attempting to acquire location information from Debtor from Debtor's colleagues and co-workers, Defendant failed to state to Debtor's colleagues or co-workers that Defendant was confirming or correcting location information concerning Debtor.

56. Furthermore, Defendant's called Debtor's place of employment twice to acquire or confirm Debtor's location information. Debtor's employer's employees or co-workers did not request that Defendant call back. Nor did Debtor's employer's employees or co-workers refuse to provide or confirm Debtor's location information. Pursuant to 15 U.S.C. § 1692b(3), Defendant is prohibited from calling and speaking with Debtor's employer or co-worker a second time to acquire or confirm Debtor's location information.

57. As a direct and proximate result of the Defendant's actions, Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT THREE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. § 1692c(b)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

58. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of the Debt, with any person other than Debtor, his attorney, a consumer reporting agency, the creditor, the

attorney of the creditor, or the attorney of Defendant.

59. Specifically, when Defendant called Debtor's place of employment, Defendant spoke with two of Debtor's colleagues or co-workers. To the extent Defendant was communicating with Debtor's colleagues or co-workers in connection with Defendant's attempt to collect the Debt from Debtor, Defendant communicated with a party other than Debtor, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant.

60. As a direct and proximate result of Defendant's actions, Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692d(6)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

59. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692d(6) by consistently contacting Plaintiff without meaningful, truthful disclosure of its identity.

60. Specifically, Defendant's representative failed to disclose Defendant's identity or name during the First and Second Calls to Debtor's place of employment.

61. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT FIVE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. § 1692e(11)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

62. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692e(11) by failing to disclose that the communication was from a debt collector in its communications.

63. Specifically, Defendant twice called Debtor's place of employment and spoke with two of Debtor's colleagues or co-workers in an attempt to collect the Debt.

64. Defendants employees or representatives, Tamara Jackson and Corey Freeman, each provided Debtor's or workers with their respective personal names, phone numbers, file or reference numbers regarding the Debt and asked that the message be conveyed to Debtor for the purpose of Debtor returning Defendant's First and Second Calls.

65. Defendant failed to state that Defendant was a 'debt collector' during the First Call and Second Call.

66. Additionally, Defendant failed to state during the First Call that it was an attempt to collect the Debt and that any information will be used for that purpose.

67. As a direct and proximate result of Defendant's actions, Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)(2)(3)(4)(5)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

68. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendant's initial communication in connection with the collection of the Debt that contained (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector , (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. Specifically, Defendant did not provide Debtor with a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the Debt will be assumed to be valid by the Defendant within five days of the First Call.

70. Furthermore, Defendant did not provide Plaintiff, in writing, with the amount of the Debt, or the name of the original creditor to whom the Debt was owed, within five days of the First Call.

71. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

72. Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

  /s/ Ian R. Leavengood
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Christopher C. Nash, Esq., FBN 135046**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
*Attorneys for Plaintiff*


| | |
|---|---|
| FOR: Spigs | DATE: 5/18   TIME: 8:47 P.M. |
| M: Tammy Jackson | |
| OF: | ☑ PHONED |
| PHONE: ☐ FAX ☐ MOBILE  888-374-0871 | RETURNED YOUR CALL |
| AREA CODE / NUMBER / EXTENSION | ☑ PLEASE CALL |
| MESSAGE: #1211409 | WILL CALL AGAIN |
| | CAME TO SEE YOU |
| HH | WANTS TO SEE YOU |
| SIGNED | TOPS FORM 4003 |



EXHIBIT A

FOR: MS Spies  DATE: 8/18  TIME: 2:40 P.M.

M: Corey Freeman

OF: MRS

PHONE: 888-274-9871

MESSAGE: Re: File # 121409

[X] PLEASE CALL

SIGNED: [signature]

FORM 4003



EXHIBIT B