UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD M. DAUVAL, Trustee
for the Estate of Margaret Spies,

    Plaintiff,

v.

Case No.: 8:11-cv-2703-MSS-MAP

MRS BPO, LLC, a foreign corporation

    Defendant.
_____/

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Richard M. Dauval, Trustee for the Estate of Margaret Spies, (hereinafter, "Plaintiff") by and through the undersigned counsel, and pursuant to Rule 12(f), Fed. R. Civ. P., hereby file this Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law and further state as follows:

**INTRODUCTION AND BACKGROUND**

1. This case arises from a series of debt collection calls made by MRS BPO, LLC (hereinafter, "Defendant" or "MRS") to Plaintiff's place of employment. *Second Amended Complaint*, Docket No. 44 at ¶ 31.

2. The debt collection calls to Plaintiff's place of employment, as alleged, violate the Florida Consumer Collection Practices Act (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"). *Id*. at Counts I-IX.

3. Plaintiff filed a Second Amended Complaint on September 21, 2012. *Id*.

4. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant failed to timely respond to Plaintiff's Second Amended Complaint by October 6, 2012.

5. Plaintiff filed a Motion for Entry of Court's Default for Defendant's failure to timely respond to Plaintiff's Second Amended Complaint on October 12, 2012. *See* Docket No. at 45.

6. Notwithstanding being untimely, Defendant filed its Answer and raised Affirmative Defenses related to Plaintiff's Second Amended Complaint on October 12, 2012. *See* Docket No. 46.

7. Plaintiff subsequently filed a Notice of Withdrawal of its Motion for Entry of Court's Default on October 16, 2012. *See* Docket No. 47.

## **MEMORANDUM OF LAW**

**I.     Legal Standard on a Motion to Strike Affirmative Defenses**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). It is well-established that courts have broad discretion to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense…" Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil*, Case No. 79-440, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a lawsuit is favored").

Pursuant to Rule 8(a), MRS must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *Home Management Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests) (citing *Bell Atlantic Corp. v. Twombly*, 127 US 1955, 1965 (2007)); *Microsoft*, 211 F.R.D. at 684. Courts have firmly and routinely held that a defendant must do more than merely make conclusory allegations. If an affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (internal citations omitted).

## II.    Discussion

Defendant's affirmative defenses, as outlined below, are legally insufficient and invalid as a matter of law. MRS fails to allege any facts in support of its purported defenses, and instead resorts to stating mere conclusions of law that fail to substantiate the deficiencies in its pleading. Further, many of Defendant's affirmative defenses have no basis in law or fact.

As a whole, MRS' bare-bones assertions of their defenses fail to comply with the pleading requirements of Rule 8(a). *See, e.g.*, *Groves v. Dury*, Case No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006) (Steele, J.). Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atlantic Corp.*, 550 US 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defenses for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present). MRS's affirmative

defenses are wholly inadequate to provide Plaintiff with proper notice as to what actions, conduct, and facts give rise to such vague, conclusory defenses.

In addition to Defendant's failure to set forth any cognizable facts on which to base the affirmative defenses detailed below, MRS's affirmative defenses should also be stricken because they are invalid as a matter of law. Rule 12(f) provides that the Court should strike any defense that is not legally sufficient. Further, the Court has held an affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft*, 211 F.R.D. at 683.

Finally, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense is insufficient if it "simply alleges a defect in the plaintiff's claim." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-656-J-20MCR, 2010 U.S. Dist. LEXIS 39938 (M.D. Fla. Mar. 25, 2010). This Court has held that "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial…the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Id.* (quoting *Home Mgmt' Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007). MRS's insufficient affirmative defenses are more specifically and individually discussed below.

**A.     Defendant's First Affirmative Defense should be Stricken as a Matter of Law**

In the present matter, MRS's First Affirmative Defense asserts that "Plaintiff fails to state a claim upon which relief can be granted." Docket No. 46 at 21. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc.*, Case No. 8:08-cv-1048, 2008 U.S. Dist.

LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). As MRS' First Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense and treat it as a denial.

      B.      **Defendant's Second Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Second Affirmative Defense, MRS asserts that "Defendant has no civil liability under the FDCPA, as any violation was unintentional bona fide error and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation." Docket No. 46 at 21. Defendant's assertion of a bona-fide error defense must necessarily arise from supported facts and claims alleged in the defense. MRS, however, has wholly failed to allege <u>any</u> facts in support of this conclusory allegation. The violations alleged (e.g., MRS failing to give the required Mini-Miranda warning, etc.) cannot be excused by or characterized as bona-fide errors, as the bona-fide error defense does not apply to violations resulting from mistaken interpretations of legal requirements under the FDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 US 1605 (2010). Further, MRS's Second Affirmative Defense, as alleged, provides absolutely <u>no</u> facts to support MRS's claim that the violation occurred as the result of a bona-fide error. Even assuming, arguendo, that bona-fide error applied to violations such as the ones Plaintiff alleges, Plaintiff is incapable of determining, based on the affirmative defense, as asserted, *which* alleged violation MRS claims should be excused, and what facts are sufficient to support such claim. Therefore, MRS's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, MRS's Second Affirmative Defense should be stricken as

legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

### C. Defendant's Third Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law

As its Third Affirmative Defense, Defendant asserts that "Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise." Docket No. 46 at 21. MRS, however, has wholly failed to allege <u>any</u> facts in support of its conclusory allegation of its potential right to setoff and/or recoupment arising from defaults, deficiencies or otherwise. MRS's Third Affirmative Defense is vague, ambiguous, and unsupported by facts and law. MRS has failed to plead any facts showing that MRS owns the subject debt; nor has MRS alleged any facts which show a mutuality of obligation. Therefore, this affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

### D. Defendant's Fourth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law

As its Fourth Affirmative Defense, MRS asserts that "Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment." Docket No. 46 at 21. MRS, however, has wholly failed to allege <u>any</u> facts in support of this conclusory allegation. Defendant has not alleged any factual support regarding the "line and scope of [its employee's] employment," nor has Defendant alleged any facts in support of which employees, or representatives, or agents may have acted outside of the scope of their employment. Further, Defendant has wholly failed to allege any facts or legal authority in support of its conclusory averment that Defendant is not liable for such actions of its agents or

employees, insofar as they may have occurred. Therefore, this affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp. 992 at 1000; *Microsoft Corp.*, 211 F.R.D. at 684.

> E. **Defendant's Fifth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Fifth Affirmative Defense, MRS asserts that "Defendant did not breach any legal duty to Plaintiff." Docket No. 46 at 22. Again, an affirmative defense is defined as "a defendant's assertion raising new facts and argument that, if true, will defeat the Plaintiff's…claim even if all allegations in the complaint are true. *Saks*, 316 F.3d at 350. MRS's Fifth Affirmative Defense is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098. As MRS's Fifth Affirmative Defense is not a properly pleaded defense, it should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. In the alternative, the Court should re-characterize this affirmative defense and treat it as a denial.

> F. **Defendant's Sixth Affirmative Defense should be Stricken as Invalid as a Matter of Law**

As its Sixth Affirmative Defense, MRS asserts that "The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate her damages, if any." Docket No. 46 at 22. This assertion is invalid as a matter of law as none of Plaintiff's statutory claims require mitigation. *See, generally,* Fla. Stat. § 559.77; 15 U.S.C. § 1692k. *See, also, Bacelli v. MFB, Inc.*, 729 F.Supp. 2d 1328, 1332 (M.D. Fla. 2010) ("The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute"); *Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605 (W.D. Mich. Oct. 2, 2007) (noting that

"failure to mitigate is not a defense to an award of statutory damages" under the FDCPA). As such, MRS's Sixth Affirmative Defense is not a properly pleaded defense, and it should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. at 684.

> **G. Defendant's Seventh Affirmative Defense should be Stricken as Invalid as a Matter of Law**

As its Seventh Affirmative Defense, MRS asserts that "Defendant is entitled to rely upon the information provided, or not provided, to it by the creditor." Docket No. 46 at 22. Again, an affirmative defense is defined as "a defendant's assertion raising new facts and argument that, if true, will defeat the Plaintiff's…claim even if all allegations in the complaint are true. *Saks*, 316 F.3d at 350. MRS's Seventh Affirmative Defense is an invalid affirmative defense as it fails to raise new facts or arguments which defeat Plaintiff's claims. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098. MRS has wholly failed to allege <u>any</u> facts in support of this conclusory averment, as Defendant has not alleged any factual support regarding which information provided by the creditor, if any, it relied upon. Therefore, this affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp. 992 at 1000; *Microsoft Corp.*, 211 F.R.D. at 684.

> **H. Defendant's Eighth Affirmative Defense should be Stricken as Invalid as a Matter of Law**

As its Eighth Affirmative Defense, MRS asserts that "Defendant reserves the right to allege and assert and additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation." Docket No. 46 at 22. However, an allegation reserving rights to later defend does not constitute an affirmative defense because it does not respond to the initial complaint. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at *15-16 (citing

*Ayers, Case No.* 2:07-cv-123-FtM-29DNF, 2007 U.S. Dist. LEXIS 86596 at *5 (M.D. Fla. Nov. 26, 2007)) (striking a reservation of rights clause asserted as an affirmative defense and stating, "[t]he Court strikes the reservation of rights clause in the instant cause because it is insufficient as a matter of law") (internal citations omitted). Likewise, in the present matter, MRS's attempt to reserve its rights as an affirmative defense is insufficient as a matter of law. As such, Defendant's Eighth Affirmative Defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for entry of an Order Striking Defendant's Affirmative Defenses. In the alternative, Plaintiff respectfully moves for an entry of an Order Re-Characterizing Defendant's Affirmative Defenses, as more specifically outlined above, as Denials.

## 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that he has contacted Defendant's counsel in good faith regarding the substance of this motion, and Defendant opposes the relief sought.

Respectfully Submitted,

**LEAVENGOOD & NASH**

　/s/ Ian R. Leavengood
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Christopher C. Nash, Esq., FBN 135046**
**Aaron M. Swift, Esq. FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
aswift@leavenlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law* has been filed electronically this 17th day of October 2012 with the Clerk of Court via CM/ECF, which will send notice of electronic filing to all counsel of record including:

Ms. Cindy Salvo
The Salvo Law Firm
165 Passaic Ave., Ste 310
Fairfield, NJ 07004
csalvo@salvolawfirm.com
*Counsel for Defendant*

Mr. Mark Gerard Tauzier
Marshall, Dennehey, Warner, Coleman & Goggin
201 E. Kennedy Boulevard
Suite 1100
Tampa, FL 33602
mgtauzier@mdwcg.com
*Counsel for Defendant*

        /s/ Ian R. Leavengood
Attorney